UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARRYL SHEARS,<br><br>            Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | Case No. C10-561-JLR-JPD<br>          CR08-307-JLR<br><br>REPORT AND RECOMMENDATION |

        I.      INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, a federal inmate proceeding pro se, has filed a 28 U.S.C. § 2255 motion which seeks to correct, vacate or set aside the 188-month sentence imposed following his April 2009 guilty plea to one count of conspiracy to distribute more than five kilograms of cocaine. Dkt. No. 1. Respondent United States of America has filed a response opposing the motion, Dkt. No. 17, to which Petitioner has responded, Dkt. No. 19. After careful consideration of the motion, all briefs in support and opposition thereto, the governing law and the balance of the record, the Court recommends that the motion be DENIED and that this case be DISMISSED with prejudice.

## II. FACTS AND PROCEDURAL HISTORY

### A. Petitioner's Criminal Case

According to Petitioner's plea agreement, on August 17, 2008, he purchased ten kilograms of cocaine for distribution to others. Dkt. No. 17, Exh. 1. On August 23, 2008, Petitioner purchased another ten kilograms of cocaine for distribution to others. *Id.* On September 10, 2008, Petitioner purchased 14.8 kilograms of cocaine for distribution. *Id.*

On September 11, 2008, Petitioner was indicted with four co-defendants on one count of conspiracy to distribute five kilograms or more of cocaine. CR Dkt. No. 1.[1] A superseding indictment added additional co-defendants, CR Dkt. No. 32, and a second superseding indictment added three counts of possession of cocaine with intent to distribute, each count involving five or more kilograms of cocaine, CR Dkt. No. 149.

### B. Petitioner's Guilty Plea and Sentence

On April 8, 2009, Petitioner entered a guilty plea to count 1, conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. CR Dkt. No. 180; Dkt. No. 17, Exh. 1. Petitioner acknowledged in his plea agreement that he understood that the count carried a mandatory minimum sentence of ten years' imprisonment. Dkt. No. 17, Exh. 1.

At sentencing, the defense contended that the Sentencing Guidelines range was 151 to 188 months, but requested the mandatory minimum sentence of 120 months' imprisonment. CR Dkt. No. 228; Dkt No. 12 at 7. The government stated that the Sentencing Guidelines range was 235 to 292 months' imprisonment, and noted that the Probation Office found a sentencing range of 292 to 365 months. CR Dkt. No. 230. The government requested a sentence of 240 months in prison. *Id.*; Dkt. No. 12 at 14-15. On August 14, 2009, the district court determined Petitioner's Sentencing Guidelines range to be 151 to 188 months, the range

---

[1] "CR Dkt. No. __" refers to docket entries in Petitioner's criminal District Court case, CR08-307-JLR.

asserted by the defense, and sentenced Petitioner to 188 months' imprisonment.[2]  Dkt. No. 12 at 19; CR Dkt. No. 259.

C. <u>Direct and Collateral Review</u>

Petitioner did not file a direct appeal.  He filed the instant § 2255 motion for a writ of habeas corpus on March 31, 2010.  Dkt. No. 1.  Petitioner is presently incarcerated at the Federal Correctional Institution in Lompoc, California.  His projected release date is May 10, 2022.  *See* Federal Inmate Locator, *available at* http://www.bop.gov/iloc2/ LocateInmate.jsp (last visited June 30, 2010).

III.   DISCUSSION

While his § 2255 motion is rather unclear, Petitioner appears to assert two somewhat related grounds for habeas relief.  First, Petitioner appears to allege that the criminal statute to which he pled guilty, 21 U.S.C. § 841, is unconstitutional in view of the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the statute permits the judge to determine the sentencing factors by a preponderance of the evidence.  Dkt. No. 1 at 4-11.  Second, Petitioner appears to contend that the drug quantities included in his presentence report "were unconstitutionally used at sentencing without having been admitted by Petitioner or proven [to] a jury beyond a reasonable doubt."  *Id.* at 12-16.

A. <u>Petitioner's § 2255 Motion Should Be Denied</u>.

*1.   Petitioner's Claim Regarding 21 U.S.C. § 841 Fails.*

As an initial matter, Petitioner's first claim is unavailing because he pled guilty and admitted to the facts that support his charge, conviction and sentence.  *See* Dkt. No. 17, Exh.

---

[2]  Although Petitioner's case was assigned to the Honorable James L. Robart (as were Petitioner's co-defendants), Petitioner's sentencing was handled by the Honorable John C. Coughenour, in accordance with the United States Supreme Court's decision in *Santobello v. New York*, 404 U.S. 257, 262-63 (1971).  CR Dkt. No. 244.  *Santobello* has been interpreted by the Ninth Circuit to hold that when a sentencing judge receives information from the prosecution in violation of the plea agreement, a different judge must be assigned to handle the sentencing.  *See United States v. Camper*, 66 F.3d 229, 232-33 (9th Cir. 1995).

1. In his plea agreement, Petitioner admitted that on three separate occasions he purchased ten or more kilograms of cocaine for distribution to others. *Id.* In total, Petitioner admitted to purchasing just under 35 kilograms of cocaine for distribution. *Id.* These admitted facts amply support his charge, conviction and sentence on one count of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. There were no material facts that were determined by a judge that should have been submitted to a jury.

In any case, his claim is also foreclosed by the Ninth Circuit's decision in *United States v. Navarro-Vargas*, 408 F.3d 1184, 1208-09 (9th Cir. 2005), which noted several prior Ninth Circuit decisions which had rejected constitutional challenges to 21 U.S.C. § 841 that had relied upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Navarro-Vargas*, the Ninth Circuit also adopted its reasoning from its earlier decision in *United States v. Hernandez*, 322 F.3d 592, 600-02 (9th Cir. 2003), and reaffirmed that 21 U.S.C. § 841 properly requires material facts to be submitted to a jury and proved beyond a reasonable doubt, consistent with the United States Supreme Court's decision in *Apprendi*. *See Navarro-Vargas*, 408 F.3d at 1209. Accordingly, Petitioner's first claim fails.

   *2.     Petitioner's Claim Regarding the Presentence Report Fails.*

Petitioner's next claim regarding the presentence report lacks merit for the same reason as his first claim: he pled guilty and admitted to the facts that support his charge, conviction and sentence. *See* Dkt. No. 17, Exh. 1. Petitioner admitted to purchasing just under 35 kilograms of cocaine for distribution, which more than adequately supports his charge, conviction and sentence on one count of conspiracy to distribute five kilograms or more of cocaine. *Id.* Contrary to Petitioner's assertion, there were no drug quantities included in his presentence report that "were unconstitutionally used at sentencing without having been admitted by Petitioner or proven [to] a jury beyond a reasonable doubt." *See* Dkt. No. 1 at 13. Indeed, Petitioner's sentence was determined by the facts to which he admitted in his plea

agreement.  *See* Dkt. No. 17, Exh. 1.  Further, the sentencing court adopted the defense's criminal history category, total offense level and sentencing range.  *See* Dkt. No. 12 at 3, 7, 19.  Consequently, Petitioner's second claim fails.

## IV.   CONCLUSION

For the foregoing reasons, this Court recommends that Petitioner's § 2255 motion be DENIED and that this case be DISMISSED with prejudice.  A proposed order accompanies this Report and Recommendation.

DATED this 1st day of July, 2010.

*/s/ James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge